GEVORK GRIGORYAN, PLAINTIFF IN PRO SE
5846 Hillview Park Ave
Van Nuys, CA 91401

818-445-2220

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

GEVORK GRIGORYAN, an individual,

      **Plaintiff,**

  vs.

COLLECTION BUREAU OF AMERICA, LTD., a California Corporation, SEQUOIA FINANCIAL SERVICES, LLC, a California Limited Liability Company.

      **Defendants.**

CASE No.: CV12-00360

**COMPLAINT FOR DAMAGES:**

1) VIOLATIONS OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT;
2) VIOLATIONS OF CALIFORNIA'S ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT;
3) VIOLATIONS OF FEDERAL FAIR CREDIT REPORTING ACT;
4) VIOLATIONS OF CALIFORNIA'S CONSUMER CREDIT REPORTING AGENCIES ACT;
5) DEFAMATION-LIBEL.

**DEMAND FOR JURY TRIAL**

    Plaintiff GEVORK GRIGORYAN (hereinafter "Plaintiff"), on behalf of himself brings his Complaint against Defendants COLLECTION BUREAU OF AMERICA, LTD.(hereinafter "CBA") and SEQUOIA FINANCIAL SERVICES, LLC (hereinafter "SFS") (collectively "Defendants") for violations of Federal and State consumer protection laws, including the Fair Debt Collection Practices Act [15 U.S.C. §1692-1692p] ("FDCPA"), California's Rosenthal Fair Debt Collection Practices Act [California Civil Code §1788 et seq.] ("RFDCPA"), Fair Credit Reporting Act [15 U.S.C. §1681 et seq.] ("FCRA"), California's Consumer Credit Reporting Agencies Act [California Civil Code §1785.2 et seq.] ("CCRAA") and for Defamation- Libel, and alleges as follows:

COMPLAINT FOR DAMAGES- 1

## PRELIMINARY STATEMENT

1. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses [15 U.S.C. §1692(a)-(e)].

2. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Ninth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated" consumer. [Baker v. G.C. Services Corp., 677 F.2d 775, 778 (9th Cir. 1982); Swanson v. Southern Oregon Credit Service, Inc. 869 F.2d 1222, 1227(9th Cir.1988)]. This objective standard "ensure[s] that the FDCPA protects all consumers, the gullible as well as the shrewd … the ignorant, the unthinking and the credulous." [Clomon v. Jackson, 988 F.2d 1314, 1318-19 (2nd Cir. 1993)].

3. To prohibit deceptive practices the FDCPA, at 15 U.S.C. §1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive

COMPLAINT FOR DAMAGES- 2

list of certain per se violations of false and deceptive collection conduct. 15 U.S.C. §1692e(1)-(16).

4. To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. §1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain per se violations of harassing and abusive collection conduct. 15 U.S.C. §1692d(1)-(6). Among these per se violations prohibited by that section are: any collection activities and the placement of telephone calls without meaningful disclosure of the caller's identity [15 U.S.C. §1692d(6)]

5. The FDCPA also prohibits, at 15 U.S.C. §1692c, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, communication by a debt collector in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

6. The RFDCPA regulates collection agencies and original creditors attempting to collect debts on their own behalf. The California legislature has determines that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued

COMPLAINT FOR DAMAGES- 3

functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise their responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

7. This case involves money, property, or other equivalent, due or owing or alleged to be due or owing from natural persons by reason of consumer credit transactions. As such, this action arises out of "consumer debts" and "consumer credit" as those terms are defined by California Civil Code §1788.2(f).

8. Congress enacted the FCRA to establish consumer rights to privacy over their credit and financial information and to ensure the "[a]ccuracy and fairness of credit reporting." FCRA provides several protections for consumers, including but not limited to the right to be notified of any negative/unfavorable information reported in their name and the right to dispute inaccurate, outdated and/or incomplete information on their credit file.

9. FCRA regulates credit reporting agencies as well as creditors, collection agencies and other parties who provide information to credit reporting agencies and/or obtain and use the consumer credit reports. FCRA Section 623, 15 U.S.C. §1681s-2, imposes obligations on furnishers of information to the credit reporting agencies. Furnishers must report accurate information, correct and update erroneous information, and provide certain notices to consumer pertaining to furnished information.

10. FCRA Sections 616 and 617, 15 U.S.C. §1681n and §1681o, create private right of action consumers can bring against violators of any provision of the FCRA with regards to their credit. In DiMezza v. First USA Bank, Inc., supra, the court confirmed that "[...] the plain language of [CRA Sections 616 and 617, 15 U.S.C. §1681n and §1681o] provide a private right of action for a consumer against furnishers of information who have willfully or negligently failed to perform their duties upon notice of a dispute. [...] there is a private right of action for consumers to enforce the investigation and reporting duties imposed on furnishers of information."

11. CCRAA was implemented to protect the credit information of California consumers. CCRAA also regulates consumer credit reporting agencies and furnishers of information with respect to personal, credit and other financial information submitted and maintained in their credit file. CCRAA in California Civil Code §1785.25-1785.26 refrains furnishers of information from reporting information that they know or should have known was erroneous, and obligates furnishers to cease credit reporting of information disputed by consumers without notice of such dispute.

12. CCRAA provides consumers with the right to be informed of negative credit reporting and the right to dispute information in their credit reports, which they believe is incomplete and/or inaccurate. Consumers also have the right to bring civil action against violators of any provision of the CCRAA with respect to their rights and their credit, and to seek monetary damages. California Civil Code §1785.19 and §1785.31.

13. *Sanai v. Saltz, et al.*, 2009 Cal. App. LEXIS 83 (Cal. App. 2d Dist. Jan. 26, 2009) established that consumers may replead their FCRA claims as violations of the CCRAA and that the state claims are not preempted by FCRA. In further support, courts have uniformly rejected creditors' and consumer reporting agencies' arguments that the FCRA bars state law claims. See Sehl v. Safari Motor Coaches, Inc., 2001 U.S. Dist. Lexis 12638 (U.S.D.C. N.D. Cal. 2001)(for detailed discussion); Harper v. TRW, 881F. Supp. 294 (U.S.D.C. S.D. Mich. 1995); Rule v. Ford Receivables, 36 F. Supp.2d 335 (U.S.D.C. S.D. Va. 1999); Watkins v. Trans Union, 118 F. Supp.2d 1217 (U.S.D.C. N.D. Ala. 2000); Swecker v. Trans Union, 31 F. Supp.2d 536 (U.S.D.C. E.D. Va. 1998); Saia v. Universal Card Svc., 2000 U.S.Dist.Lexis 9494, 2000 Westlaw 863979 (U.S.D.C. E.D. La. 2000); Sherron v. Private Issue by Discover, 977 F. Supp.2d 804 (U.S.D.C. N.D. Miss. 1997); Hughes v. Fidelity Bank, 709 F. Supp.2d 639 (U.S.D.C. E.D. Pa. 1989).

## I. JURISDICTION AND VENUE

14. Jurisdiction of this Court arises under 15 U.S.C. §1681p, California Civil Code §1785.33, and 28 U.S.C. §1337.

15. Supplemental jurisdiction rests upon 28 U.S.C. § 1367.

16. Venue is proper in this United States District Court, Central District of California because Defendant's violations alleged below occurred in the County of Los Angeles, State of California and within this District.

## II. PRIVATE RIGHT OF ACTION

17. 15 U.S.C §1692k(a) states that "... any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of-."

18. Cal. Civ. Code §1788.30(a) states that "any debt collector who violates this title with respect to any debtor shall be liable to that debtor only in an individual action…"

19. Cal. Civ. Code §1785.15(f) states that consumers "have a right to bring civil action against anyone […], who improperly obtains access to a file, knowingly or willfully misuses file data, or fails to correct inaccurate file data" concerning a consumer's credit report.

20. Cal. Civ. Code §1785.31(a) states that Plaintiff as "any consumer who suffers damages as a result of a violation of this title by any person may bring an action in a court of appropriate jurisdiction against that person to recover the following."

21. Pursuant to Gorman v. MBNA America Bank, N.A., No. 06-17226, Plaintiff is entitled to a Private Remedy Against Furnishers and FCRA §1681s-2(b) triggers Defendant's furnisher's liability under this section, since Plaintiff made his initial disputes with the Credit Reporting Agencies.

22. 15 U.S.C. §1681n refers to consumers' ability to bring civil liability action against users/furnishers of information for willful noncompliance with provisions of the FCRA.

### III. THE PARTIES

23. Plaintiff GEVORK GRIGORYAN is a natural person, an individual residing in the city of Van Nuys, located in Los Angeles County, State of California.

24. Plaintiff is a consumer as defined in 15 U.S.C. §1692a (3), 15 U.S.C. §1681a (c) and California Civil Code §1785.3(b).

25. Defendant CBA is a California Corporation, registered and conducting business in the State of California.

26. Defendant SFS is a California Limited Liability Company, registered and conducting business in the State of California.

27. Defendants and each one of them is a debt collector as defined in 15 U.S.C. §1692a (6) and California Civil Code §1788.2(c).

28. Plaintiff and each of the Defendants is a person as defined in California Civil Code §1788.2(g), 15 U.S.C. §1681a (b) and California Civil Code §1785.3(j).

29. Plaintiff is informed and believes and on that basis alleges that Defendants are responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants or as their agents, servants, employees and/or joint venturers and as set forth in this Complaint, and that each of them are legally liable to Plaintiff, as set forth below and herein:

   a. Said Officers, directors or managing agents of Defendants personally acted willfully with respect to the matters alleged in this Complaint;
   b. Said Officers, directors or managing agents of Defendants personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants,

employees and/or joint venturers of Defendants did so act;

c. Said Officers, directors or managing agents of Defendants personally participated in the acts alleged herein of Defendants;

d. Said Officers, directors or managing agents of Defendants personally had close supervision of their agents, servants, employees and/or joint venturers of Defendants;

e. Said Officers, directors or managing agents of Defendants personally were familiar with the facts regarding the matters alleged herein;

f. Said Officers, directors or managing agents of Defendants personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to Plaintiff. Further, said Officers, directors, or managing agents of Defendants failed and refused to punish or discharged the said agents, servants, employees and/or joint venturers of Defendants, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendants.

30. Defendants are liable to Plaintiff for the relief prayed for in this Complaint, and any future amended complaint. Further, Plaintiff alleges that each act alleged herein, whether by a named Defendant was expressly authorized or ratified by each of the Defendants respectively.

## IV. FACTUAL ALLEGATIONS AGAINST DEFENDANT CBA COMMON TO ALL COUNTS

31. Plaintiff who is not a minor alleges that the

COMPLAINT FOR DAMAGES- 9

foregoing events, starting from date of discover of the invalid collection account of Defendant CBA, which is the subject to this complaint against CBA, occurred within the past one year.

32. In or around June 15, 2011 Plaintiff discovered through a credit review conducted with credit reporting agency Transunion that CBA had reported a collection account in his name, alleging Plaintiff was in debt.

33. Prior to the reporting of its collection account to Transunion, Defendant CBA had failed to provide Plaintiff a dunning notice of debt, inform of the negative credit reporting, or disclose to Plaintiff of his right to a dispute and validation request for the alleged debt.

34. Plaintiff was unaware of any debt that could possibly be transferred to a collection agency for collections from Plaintiff and was convinced that the alleged debt was inaccurate and that he was unfairly being held responsible for it.

35. Plaintiff, as an uninformed consumer, put a lot of time and money into research and consultation with attorneys and credit advisors and learned of his right to dispute the alleged debt and its reporting made with Transunion.

36. On or about June 28, 2011 Plaintiff sent a written letter of dispute and a validation request to Defendant CBA, requesting documentation validating the alleged debt, otherwise its prompt and permanent deletion from Plaintiff's credit bureau reports.

37. Defendant failed to provide for Plaintiff's debt validation request, failed to cease collection activity and credit reporting upon receipt of Plaintiff's dispute, and failed to inform the CRAs that the accounts were in dispute.

38. Within a short period of Plaintiff's credit bureau

COMPLAINT FOR DAMAGES- 10

dispute of the CBA collection account, Transunion claimed that Defendant CBA verified the account to them as accurate.

39. After multiple further correspondences and research Plaintiff learned that the original creditor of Defendant CBA's alleged debt was Time Warner. While the account for the alleged debt was connected to the address Plaintiff used, it was not in any way connected to his name, date of birth, social security number or any other personal identification information that would tie the alleged debt to him.

40. After much delay and multiple correspondences, Plaintiff was finally able to get the inaccurate collection account deleted from his credit report.

41. In the interim while the CBA collection account remained on Plaintiff's credit report, Plaintiff's credit rating was dropped, resulting in a decline for new credit and decrease in existing credit limits. Plaintiff also spent a lot of money in the process of disputing the inaccurate debt in attempt to clear his name and correct his credit records.

## V. FACTUAL ALLEGATIONS AGAINST DEFENDANT SFS COMMON TO ALL COUNTS

42. Plaintiff who is not a minor alleges that the foregoing events, starting from date of discover of the invalid collection account of Defendant SFS, which is the subject to this complaint against SFS, occurred within the past one year.

43. In or around November 2011 Plaintiff discovered through a credit review conducted with credit reporting agency Transunion that SFS had reported a collection account in his name, alleging Plaintiff was in debt.

44. Prior to the reporting of its collection account to

Transunion, Defendant SFS had failed to provide Plaintiff a dunning notice of debt, inform of the negative credit reporting, or disclose to Plaintiff of his right to a dispute and validation request for the alleged debt.

45. Plaintiff was unaware of any debt that could possibly be transferred to a collection agency for collections from Plaintiff and was convinced that the alleged debt was inaccurate and that he was unfairly being held responsible for it.

46. After research Plaintiff learned that Defendant SFS's alleged debt was connected to a utility bill with Department of Water and Power. While the account for the alleged debt was connected to the address Plaintiff used, it was not in any way connected to his name, date of birth, social security number or any other personal identification information that would tie the alleged debt to him.

47. As an uninformed consumer, Plaintiff attained assistance from a credit consulting agency for quick resolution of the inaccurate debt.

48. Following Plaintiff's November 21, 2011 credit dispute of the collection account reported by Defendant SFS and written disputes submitted to SFS directly, the inaccurate collection account was eventually removed from Plaintiff's credit report.

49. In the interim while the CBA collection account remained on Plaintiff's credit report, Plaintiff's credit rating was dropped, resulting in a decline for new credit and decrease in existing credit limits. Plaintiff also spent a lot of money in the process of disputing the inaccurate debt in attempt to clear his name and correct his credit records.

## VI. CLAIM FOR DAMAGES AGAINST ALL DEFENDANTS

50. Due to the inaccurate credit reporting and Defendant's prolonged noncompliance in resolving the situation Plaintiff has suffered emotional and financial distress, specifically in the following respect:

    a. Actual damages and serious financial and pecuniary harm arising from monetary losses relating to denials of attempts to obtain credit cards and consumer loans, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges.

    b. Out of pocket expenses associated with research, disputing of credit information, time off from work to communicate with Defendants and resolve the inaccuracies, and consultation fees paid to attorney and credit advisor;

    c. Emotional distress and mental anguish associated with having incorrect derogatory credit information transmitted about Plaintiff to other people both known and unknown;

    d. Decreased credit score and creditworthiness, which may result in inability to obtain credit on future attempts.

## VII. FIVE COUNTS OF ACTION

### COUNT I

### [Violations of FDCPA Against All Defendants]

51. Plaintiff repeats and reincorporates by reference the above paragraphs.

52. Defendants and each one of them knowingly and willfully violated the FDCPA by:

    a) Failing to provide dunning notice of debt and a written notice of Plaintiff's right to request validation of

debt along with information about the alleged debt, including the name and contact information of the original creditor pursuant to 15 U.S.C. §1692g(a);

b) Failing to cease collection activity and continuing to make collection efforts on the alleged debt without properly responding to Plaintiff's validation request pursuant to 15 U.S.C. §1692g(b);

c) Failing to properly validate the alleged debt pursuant to 15 U.S.C. §1692g(b) or alternatively deleting it;

d) Using false representations and deceptive means to collect or attempt to collect the alleged debt pursuant to 15 U.S.C. §1692e;

e) Using unfair or unconscionable means to collect or attempt to collect the alleged debt pursuant to 15 U.S.C. §1692f.

## COUNT II

### [Violations of RFDCPA Against All Defendants]

53. Plaintiff repeats and reincorporates by reference the above paragraphs.

54. Defendants and each one of them knowingly and willfully violated RFDCPA by:

a) Using false representations and deceptive means to collect or attempt to collect debts pursuant to Civil Code §1788.17;

b) Using unfair and/or unconscionable means to collect alleged debts pursuant to California Civil Code §1788.17.

## COUNT III

### [Violations of FCRA Against All Defendants]

55. Plaintiff repeats and reincorporates by reference the above paragraphs.

56. Defendants and each one of them knowingly and willfully violated the FCRA by:

   a) Furnishing inaccurate/unverified information to the CRAs pursuant to 15 U.S.C. §1681s-2 (a);

   b) Failing to inform Plaintiff about the reporting of negative information to his credit report, prior to or within five(5) days of furnishing collection accounts to the CRAs pursuant to 15 U.S.C. §1681s-2 (a)(7)(A);

   c) Failing to conduct proper investigation of disputed information upon receipt of Plaintiff's dispute pursuant to 15 U.S.C. §1681s-2 (a)(8)(E);

   d) Verifying the disputed account with the CRAs prior to conducting thorough investigation and without having substantiating support for such verification;

   e) Reporting disputed information to the CRAs, without notice of Plaintiff's dispute, during the investigation period and prior to providing verification of accuracy pursuant to 15 U.S.C. §1681s-2 (a)(3);

   f) Continuing to report unverified information to the CRAs after lack of response and verification.

## COUNT IV

### [Violations of CCRAA Against All Defendants]

57. Plaintiff repeats and reincorporates by reference the paragraphs above paragraphs.

58. Defendants and each one of them knowingly and willfully violated CCRAA by:

   a) Submitting negative credit information to Plaintiff's credit report with the CRAs, without notifying the Plaintiff pursuant to California Civil Code §1785.26(b);

   b) Continuing to report the collection account to the CRAs, upon receipt of Plaintiff's dispute and during the investigation period, without notice that the account has been disputed by Plaintiff pursuant to California Civil Code §1785.25(c);

   c) Failing to acknowledge Plaintiff's demand for investigation and correction of information furnished to the CRAs, following Plaintiff's receipt of CRAs' reinvestigation results pursuant to California Civil Code §1785.30.

### COUNT V

### [Defamation-Libel, Against All Defendants]

59. Plaintiff repeats and reincorporates by reference the paragraphs above paragraphs.

60. The reporting of inaccurate/invalid debts/collection accounts in Plaintiff's credit report was defamatory because it created presumption of delinquencies and an overall poor fiscal responsibility about Plaintiff as a consumer in the eyes of the general public and credit grantors in particular. The reporting of the inaccurate and invalid collection accounts

damaged Plaintiff's credit rating and his ability to secure and utilize credit and maintain good relationships with his creditors.

61. The reported collection accounts constituted libel per se in that they clearly exposed Plaintiff to ridicule and intended to injure him by portraying him as a delinquent and a poor credit risk.

62. Plaintiff has been damaged by loss of reputation, shame, and embarrassment, as well as having suffered severe emotional distress.

63. Based on information and belief Plaintiff alleges that in doing the foregoing acts, the Defendants acted in willful disregard for the consequences of their actions and the effects on the Plaintiff and did so intentionally and willfully, with malice, and with the intent to injure and/or oppress Plaintiff.

## VIII. PRAYER FOR RELIEF

64. Plaintiff repeats and reincorporates by reference the paragraphs above paragraphs.

65. Plaintiff contends that the Defendants' actions constituted willful violations of the Fair Debt Collection Practices Act, the Rosenthal Fair Debt Collection Practices Act, the Fair Credit Reporting Act and Consumer Credit Reporting Agencies Act and that Defendants actions alleged above were defamatory to his name/character.

WHEREFORE, Plaintiff requests judgment to be entered in his favor and against the Defendant for:

1. Actual damages, per 15 U.S.C. §1692k(a)(1) and/or Civil

Code §1788.30(a), 15 U.S.C. §1681n (a)(1)(A) and Cal. Civ. Code §1785.31(a)(2)(A);

2. Statutory damages, per 15 U.S.C. §1692k(a)(2) and/or Civil Code §1788.30(b), and 15 U.S.C. §1681n (a)(1)(A) and Cal. Civ. Code §1785.19(a);

3. Costs and reasonable attorney's fees, pursuant to 15 U.S.C. §1692k(a)(3), and/or Civil Code §1788.30(c), 15 U.S.C. §1681n (c) and/or Code of Civil Procedure §490.020;

4. Punitive damages, per 15 U.S.C. §1681n (a)(2) and Cal. Civ. Code §1785.31(a)(2)(B), as the court may allow;

5. Any other relief as this Honorable Court deems appropriate.

DATED: January 12, 2012

Respectfully submitted,

By: _____
GEVORK GRIGORYAN, Plaintiff in Pro Se

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☑)
GEVORK GRIGORYAN

**DEFENDANTS**
COLLECTION BUREAU OF AMERICA LTD
SEQUOIA FINANCIAL SERVICES

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

5846 HILLVIEW PARK AVE
VAN NUYS, CA 91401
TEL. 818-445-2220

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☐ **MONEY DEMANDED IN COMPLAINT:** $ NOT YET ASSERTED

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violateions of 15 U.S.C. Section 1681 and 15 U.S.C. Section 1692

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☑ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco-mmodations | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | | |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | |

**FOR OFFICE USE ONLY:** Case Number: **CV12-00360**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08) CIVIL COVER SHEET Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　　☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　　☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　　☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____ Date 01/13/2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)　　　　　　　　　　　　　　　　CIVIL COVER SHEET　　　　　　　　　　　　　　Page 2 of 2